18-722-cv
Patterson v. City of New York et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand nineteen.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

TAJ PATTERSON,

*Plaintiff-Appellant*,

v.                                                            No. 18-722-cv

CITY OF NEW YORK, POLICE OFFICER
RODRIGO FERNANDEZ, SERGEANT IVAN
FURDA, SERGEANT JOSEPH ZAIKOWSKI,
WILLIAMSBURG SAFETY PATROL, INC.,
SHMIRA VOLUNTEER PATROL CORP.,
ABRAHAM WINKLER, AHARON
HOLLENDER, MAYER HERSKOVIC, JOSEPH

FRIED, PINCHAS BRAVER, YOELI ITZKOWITZ,

*Defendants-Appellees*,

JOHN DOE, #1-10,

*Defendant.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: MATTHEW A. WARING, Mayer Brown LLP, Washington, DC (Michael B. Kimberly, Mayer Brown LLP, Washington, DC, Andrew B. Stoll, Stoll, Glickman & Bellina LLP, Brooklyn, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES CITY OF NEW YORK, POLICE OFFICER RODRIGO FERNANDEZ, SERGEANT IVAN FURDA, and SERGEANT JOSEPH ZAIKOWSKI: DANIEL MATZA-BROWN (Claude S. Platton, *on the brief*), Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR DEFENDANTS-APPELLEES PINCHAS BRAVER and JOSEPH FRIED: EDWARD RODRÍGUEZ, Law Office of Edward Rodríguez, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Taj Patterson appeals from a judgment of the District Court (Garaufis, J.) dismissing Patterson's complaint for failure to state a claim against the City of New York (the City), New York City Police Department (NYPD) Officer Rodrigo Fernandez, Sergeant Ivan Furda, and Sergeant Joseph Zaikowski, as well as against defendants Pinchas Braver and Mayer Herskovic, both of whom were associated with Williamsburg Safety Patrol, Inc. (WSP) and Shmira Volunteer Patrol Corp. He also appeals the District Court's dismissal with prejudice of the claims against the WSP, Abraham Winkler, Aharon Hollender, Joseph Fried, and Yoeli Itzkowitz (together with Pinchas Braver and Mayer Herskovic, the WSP Defendants), all of whom failed to appear and as to whom Patterson moved for a default judgment. We assume the parties' familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Patterson argues that the WSP Defendants qualify as state actors under both the "public function" test and under two different formulations of the "joint

3

action" test: the symbiotic relationship test and the entwinement test. See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 294–303 (2001); McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). Patterson also argues that he plausibly alleged a claim that the City, through the NYPD, violated the Due Process Clause of the Fourteenth Amendment by giving preferential treatment to the Orthodox Jewish community and thereby creating the conditions that resulted in his assault.[1] Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 427–29 (2d Cir. 2009). Finally, although he never sought leave before the District Court to file a second amended complaint and has identified no particular additional facts that would cure the Amended Complaint's shortcomings, Patterson argues that the District Court abused its discretion in dismissing his claims with prejudice. See Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011).

---

[1] In addition, Patterson argues in his reply brief that he plausibly alleged that the City violated the Fourth Amendment by deliberately failing to train the WSP Defendants. Because Patterson did not raise this argument in his opening brief, it is abandoned. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005).

Upon review of the record on appeal, we reject these arguments and affirm the judgment substantially for reasons stated by the District Court in its memoranda and orders of August 9, 2017 and February 14, 2018.

We have considered Patterson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court